

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO ZAVALA BORJA, AKA Milton Rosales Gonzalez, | No.   17-71414 |
| Petitioner, | Agency No. A206-097-643 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019[**]
Seattle, Washington

Before:  IKUTA and BENNETT, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Alberto Zavala Borja petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.

The BIA's determination that Zavala did not suffer harm that was sufficiently severe to constitute past persecution is supported by substantial evidence. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). In contrast to the intensity of threats we have previously held to constitute past persecution in the absence of physical harm, *see, e.g.*, *Ruano v. Ashcroft*, 301 F.3d 1155, 1159–61 (9th Cir. 2002), Zavala received only four threats, the threats occurred in the space of a single week, and his only confrontation with armed men ended with him stating that he did not want any problems and walking away. These threats are not the sort of "extreme" or "especially menacing" threats necessary to establish past persecution in the absence of physical harm. *Lim*, 224 F.3d at 936. We reject Zavala's argument that the BIA failed to consider the threats in context, given that the BIA noted that evidence of country conditions reflected the political power as well as the violence of auto-defense groups. The BIA's citation to specific facts, supporting cases, and excerpts within those cases "evidence[s] an individualized review of [Zavala's] circumstances," and constitutes sufficient explanation to

2

support its decision. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (quoting *Castillo v. INS*, 951 F.3d 1117, 1121 (9th Cir. 1991)).[1]

Because the BIA's determination that Zavala did not suffer past persecution is supported by substantial evidence, the BIA properly placed the burden on Zavala to show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(a), (b)(1)(ii). Substantial evidence supports the BIA's conclusion that Zavala's fear of future persecution is not objectively reasonable, given that from the time Zavala left Mexico in early 2014, he has received no threats and his relatives that were also confronted by the armed men, though threatened on fewer occasions, have neither received threats nor incurred harm. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996). Accordingly, Zavala's claims for asylum and withholding fail.

The BIA's determination that Zavala failed to carry his burden to show that it is more likely than not that he will be tortured upon his return to Mexico is also supported by substantial evidence. Zavala's previous encounters with members of

---

[1] Because we uphold the BIA's decision based on Zavala's failure to show past persecution, we need not address his claims that the BIA erred in determining that he was not persecuted on a protected ground and that the persecution was not carried out by a government actor or by forces that the government was unable or unwilling to control. *See Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3

an auto-defense group do not constitute past torture, he has not shown an inability to relocate to avoid any threat of future torture, and his family members have lived without harm in Mexico for five years. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747–48 (9th Cir. 2008), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). Therefore, Zavala's claim for protection under CAT also fails.

**PETITION DENIED.**